## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**TRACY JACKSON HAYS**                                        **PLAINTIFF**

**VERSUS**                                                         **NO.** 4:14cv031-MPM-JMV

**BOLIVAR COUNTY, MISSISSIPPI, and**
**SHERIFF KELVIN WILLIAMS, in his individual**
**capacity**                                                        **DEFENDANTS**

**JURY TRIAL DEMANDED**

## COMPLAINT

This is an action to recover actual and punitive damages for race discrimination. The following facts support this action:

1.

Plaintiff TRACY JACKSON HAYS is an adult resident citizen of 1247 McWimus Road, Merigold, Mississippi 38759.

2.

Defendant BOLIVAR COUNTY, MISSISSIPPI is a political subdivision of the State of Mississippi. It may be served with process through its Chancery Clerk, Brenett N. Haynes, 801 Main Street, Rosedale, Mississippi 38769, and by service upon Sheriff Kelvin Williams, Sr., 2792 Highway 8 West, Cleveland, Mississippi 38732. At all relevant times, it acted through the acts of its sheriff.

Defendant KELVIN WILLIAMS is the Sheriff of Bolivar County and may be served with process 2792 Highway 8 West, Cleveland, Mississippi 38732.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343, for race discrimination under 42 U.S.C. § 1981, and for violations of the equal protection clause of the Fourteenth Amendment to the United States Constitution. This action is authorized by 42 U.S.C. § 1983.

4.

Plaintiff was hired by Defendant Bolivar County, Mississippi, around November 1999, to work at the Bolivar County Regional Correctional Facility ("BCRCF") as an administrative secretary. Plaintiff was hired by Warden Tommy Taylor and was the first employee hired to work at the facility, commencing work before it opened.

5.

From 1999 to 2012, Plaintiff performed the same duties for the BCRCF, even though her title changed to office administrator, executive office administrator, deputy warden of administration and, finally, deputy warden. Plaintiff participated in: establishing policies and procedures; all hiring and firing decisions; and all disciplinary actions. Plaintiff was responsible for all HR duties; Accounts Payable and Receivable; purchasing, and ACA accreditation.[1]

6.

Plaintiff had no problems at her work until Defendant Kelvin Williams, an African-American, took office as Sheriff of Bolivar County, Mississippi on January 2, 2012. Upon taking office, Defendant Williams began to systematically eliminate Caucasians from employment in both the Sheriff's Department and the correctional facility, and replace them with African-Americans. Plaintiff is a white person.

---

[1] Plaintiff was the American Correctional Association ("ACA") coordinator responsible for ensuring that ACA guidelines were followed so that BCRCF would pass the audit conducted by the ACA every three (3) years.

7.

After Defendant Williams took office, Plaintiff attempted to have a conversation with him concerning her role as Deputy Warden and other pressing issues. Plaintiff asked the Defendant Williams' secretary for an appointment with Defendant Williams but she would not schedule one. Plaintiff stood outside of the closed door of Defendant Williams' office trying to get an audience with him. The consultant Defendant Williams brought in to assist in the transition told Plaintiff to "get out of our hallway." Even though Plaintiff was the number two person at the correctional facility, she was never able to have a conversation with the new Sheriff, Defendant Williams.

8.

Over the next two weeks, Plaintiff observed most of the white deputy sheriffs being replaced by black deputy sheriffs. Further, the two individuals that Plaintiff relied most upon for consultation were immediately terminated, Ed Hargett and Charlie Weissinger. Both individuals were white. Weissinger was replaced by Attorney Ellis Turnage, who is black.

9.

However, what was most upsetting to Plaintiff was the fact that Defendant Williams rehired two (2) black correctional officers whom Plaintiff had previously been involved in terminating for bringing contraband into the correctional facility. One of those persons had told Plaintiff, himself, that he was a member of the Gangster Disciplines, a black gang of which many of their members were incarcerated at the facility. Plaintiff was rightfully very concerned for her safety at the facility.

10.

It was obvious that because of her race, Plaintiff did not fit into the future plans of Defendant

Williams at the correctional facility. Plaintiff was sure she would be terminated any day, causing unbearable stress. Because of the actions of Defendant Williams, and his racially-discriminatory practices, Plaintiff was having problems sleeping, crying, and was extremely anxious and stressed.

11.

On Sunday, January 15, 2012, while at church, the stress that Plaintiff was suffering came to a head and she had an emotional breakdown. Plaintiff began sobbing and could not stay until end of the service. Plaintiff went to the correctional facility, removed her personal items, and tendered her resignation. Her resignation was not voluntary and was, in fact, a constructive discharge. Upon information and belief, Plaintiff's job duties where divided between three (3) black females who were hired after she left to replace her.

12.

After being constructively discharged, Plaintiff remained anxious and stressed, and sought treatment from Dr. Susan Younger at St. Dominic's, in Jackson, Mississippi. Dr. Younger had Plaintiff hospitalized for three (3) days because of her mental condition.

13.

Plaintiff applied for, and was granted, unemployment benefits. The MDES obviously concluded that Plaintiff did not voluntarily leave her employment and that any reasonable person under these circumstances would have been forced to leave her employment.

14.

Defendants Bolivar County and Williams are liable to Plaintiff for race discrimination under 42 U.S.C. § 1981, and the equal protection clause of the Fourteenth Amendment to the United States Constitution.

15.

Plaintiff seeks actual and compensatory damages from Defendant Bolivar County, and actual, compensatory and punitive damages from Defendant Kelvin Williams. The actions of Defendant Williams are outrageous such that punitive damages are warranted.

16.

Plaintiff has suffered loss income, loss benefits, and mental anxiety and stress as a result of the racially discriminatory treatment against her, and because the race discrimination caused her to leave her employment.

### **REQUEST FOR RELIEF**

Plaintiff requests actual, compensatory, and punitive damages in an amount to be determined by a jury and reinstatement. Plaintiff also requests reasonable attorneys' fees, costs, and expenses.

This the 6th day of March, 2014.

> Respectfully submitted,
>
> WAIDE & ASSOCIATES, P.A.
>
> BY: */s/ JIM WAIDE*
>     JIM WAIDE
>     MS BAR NO. 6857
>     RON WOODRUFF
>     MS BAR NO. 100391

WAIDE & ASSOCIATES, P.A.
ATTORNEYS AT LAW
POST OFFICE BOX 1357
TUPELO, MISSISSIPPI 38802
TELEPHONE: 662-842-7324
FACSIMILE: 662-842-8056
EMAIL: waide@waidelaw.com

Attorneys for Plaintiff